**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCOTT WALTERS and TYLER WALTERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU VERITAS NATIONAL ELEVATOR INSPECTION SERVICES, INC.,<br><br>and<br><br>BUREAU VERITAS CERTIFICATION NORTH AMERICA, INC.,<br><br>Defendants. | CIVIL COMPLAINT -<br><br>COLLECTIVE AND CLASS ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs, Scott Walters and Tyler Walters (collectively, "Named Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, hereby file this Collective and Class Action Complaint ("Complaint") against Defendants, Bureau Veritas National Elevator Inspection Services, Inc., and Bureau Veritas Certification North America, Inc. (collectively, "Defendants"), and allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage

Act of 1968, 43 P.S. § 333.101, *et seq*. ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq*. ("PWPCL"), as follows:

***Preliminary Statement***

1. Named Plaintiffs, on behalf of themselves and other similarly situated, current and former elevator inspectors employed by Defendants, allege that they and those who elect to opt in to this action pursuant to the FLSA are entitled to overtime wages for their work and liquidated damages.

2. Named Plaintiffs further allege that they, along with a class of Defendants' employees who work as elevator inspectors in the Commonwealth of Pennsylvania ("the Pennsylvania Class") are entitled to unpaid overtime wages and liquidated damages under Pennsylvania law, specifically the PMWA and the PWPCL.

3. Defendants pay their elevator inspectors on a piecework basis, compensating them a certain amount for each elevator inspection and/or test; however, when these elevator inspectors work in excess of forty (40) hours per week, which happens regularly, Defendants do not pay them time and a half as required by the FLSA, the PMWA, and the PWPCL.

4. Named Plaintiffs and the other elevator inspectors are not exempt from the FLSA's requirement that they be paid time and a half wages for hours worked over forty (40) per week

5. Named Plaintiffs and the other elevator inspectors regularly worked overtime and were not paid one and a half (1½) times premium compensation for hours that exceeded forty (40) hours weekly.

***The Parties***

6. Scott Walters is an adult individual and a resident of Perry County, Pennsylvania.

7. Tyler Walters is an adult individual and a resident of Perry County, Pennsylvania.

8. Defendant, Bureau Veritas National Elevator Inspection Services, Inc., is a Delaware corporation, active and registered to do business in the Commonwealth of Pennsylvania, which maintains its principal place of business at 11973 Westline Industrial Drive, Suite 100, St. Louis, St. Louis County, Missouri.

9. Defendant, Bureau Veritas Certification North America, Inc., is a Delaware corporation, active and registered to do business in the Commonwealth of Pennsylvania, which maintains its principal place of business at 500 Seventh Avenue, New York, New York County, New York.

10. Upon information and belief, Defendant, Bureau Veritas National Elevator Inspections Services, Inc., is a wholly owned subsidiary of Defendant, Bureau Veritas Certification North America, Inc.

11. At all times relevant hereto, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). They have common ownership, oversight and control over Named Plaintiffs and the other elevator inspectors who are putative members of this action. As a result, Defendants are responsible, both individually and jointly, for compliance with all the applicable provisions of the FLSA, PMWA, and PWPCL, including the overtime provisions, with respect to the unpaid wage claims set forth in this Complaint.

***Jurisdiction and Venue***

12. The FLSA authorizes court actions by private parties to recover damages for violations of its wage/hour provisions. Subject matter jurisdiction over Named Plaintiffs' claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

13. The PMWA and PWPCL each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over Pennsylvania state law claims, pursuant to 28 U.S.C. § 1367, because they are so intertwined with Named Plaintiffs' federal claims as to form part of the same case and controversy.

14. Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this action occurred in this District and Defendants are active, registered to, and, in fact, do business in the Commonwealth of Pennsylvania and thus have contacts sufficient to subject them to personal jurisdiction in this district.

## FACTS

### *The FLSA and Pennsylvania Claims*

15. Scott Walters began working for Defendants as an Elevator Inspector in 2013 and has served in that role through the present.

16. Tyler Walters began working for Defendants as an Elevator Inspector in 2018 and has served in that role through the present.

17. Named Plaintiffs and the other elevator inspectors with whom they worked, regularly worked in excess of forty (40) hours per week.

18. Scott Walters often worked as much as fourteen (14) hours a day and regularly worked one or both days of the weekend. Scott Walters conservatively estimates that he has worked over sixty (60) hours a week throughout his employment.

19. Similarly, Tyler Walters conservatively estimates that he has worked over forty-five (45) hours a week throughout his employment.

20. Named Plaintiffs often work with, and communicate with during the workday, other of Defendants' elevator inspectors and, as a result, are aware that the other inspectors regularly work over forty (40) hours per week.

21. Defendants paid Named Plaintiffs and the other elevator inspectors on a piecework basis, with the inspectors receiving a payment for each inspection and/or test.

22. Under the FLSA, "[w]hen an employee is employed on a piece-rate basis, the regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions)." 29 C.F.R. § 778.111. For hours that exceed forty (40) hours per week, "the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week." Id.

23. The PMWA likewise requires employers to compensate employees at a rate not less than one and a half (1.5) times the regular rate for any work in excess of forty (40) hours per week. 43 Pa.C.S. § 333.104(c).

24. Defendants failed to pay Named Plaintiffs and the other elevator inspectors one and a half (1½) times their regular rate for hours that exceeded forty (40) hours per week.

25. Named Plaintiffs and the other elevator inspectors were not subject to any exemption under the FLSA or the PMWA and the PWPCL from the requirement to pay overtime wages.

***Collective Action Allegations***

26. Pursuant to 29 U.S.C. § 207, Named Plaintiffs seek to prosecute the FLSA claims as a collective action (the "FLSA Collective") on behalf of all persons who are or were employed by Defendants as elevator inspectors and who have not been paid overtime wages at a rate not less than one and one-half (1½) times the regular rate of pay for hours worked in excess of forty (40) per workweek in violation of the FLSA (the "Collective Action Members") at any time since January 31, 2022, to the entry of judgment in this case (the "Collective Action Period").

27. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are over forty (40) Collective Action Members during the Collective Action Period, most of whom

would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

28. Named Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Named Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

29. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

30. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Named Plaintiffs and other Collective Action Members are:

a. Whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b. Whether Defendants failed to pay the Collective Action Members one and one-half (1½) times their hourly wage for hours that exceeded forty (40) hours per week;

c. Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

d. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees; and

e. Whether Defendants should be enjoined from violations of the FLSA in the future.

31. Named Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

***Class Action Allegations***

32. Named Plaintiffs sue on their own behalf and on behalf of the Rule 23 class under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

33. Named Plaintiffs bring Pennsylvania claims on behalf of the Pennsylvania Class, which consists of all persons who are or were employed by Defendants as elevator inspectors in the Commonwealth of Pennsylvania ("the Pennsylvania Class") at any time since January 31, 2022, to the entry of judgment in this case (the "Class Period").

34. The persons in the Pennsylvania Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are at least twenty (20) members of the Pennsylvania Class during the Class Period.

35. The claims of Named Plaintiffs are typical of the claims of the Pennsylvania Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

36. Defendants have acted or refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Class as a whole.

37. Named Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

38. Named Plaintiffs have the same interests in this matter as all other members of the Pennsylvania Class and Named Plaintiffs have no interest that is contrary to or in conflict with the members of the Pennsylvania Class.

39. Named Plaintiffs’ claims are typical of the Pennsylvania Class.

40. There are questions of law and fact common to the Pennsylvania Class which predominate over any questions solely affecting the individual members of the class, including but not limited to:

a. Whether Defendants employed the members of the Pennsylvania Class within the meaning of the PMWA and the PWPCL;

b. Whether Defendants failed to pay members of the Pennsylvania Class one and one-half (1½) times the employee’s hourly wage for hours that exceeded forty (40) hours per week;

c. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees; and

e. Whether Defendants should be enjoined from such violations of the PMWA and the PWPCL in the future.

## COUNT I

### *Violations of the FLSA*

41. All prior paragraphs are incorporated herein as if set forth fully below.

42. For this cause of action, "Plaintiffs" refers to Named Plaintiffs and any other employee of Defendants who works (or worked during the Collective Action Period) as an elevator inspector and who file individual consents to sue in this action.

43. Named Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Named Plaintiffs' written consents are attached hereto as Exhibit A and incorporated by reference.

44. The FLSA Collective is defined as:

> **All persons employed by Defendants as elevator inspectors anywhere in the United States at any time from January 31, 2022, through the final disposition of this matter ("FLSA Collective Members" or "Collective Action Members").**

45. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

46. At all times hereinafter mentioned, Defendants have been an enterprise or enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

47. At all times hereinafter mentioned, Defendants have been an enterprise or enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

48. During the respective periods of Named Plaintiffs' and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

49. In performing the above-described operations, Named Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

50. Specifically, Named Plaintiffs and the FLSA Collective Members are non-exempt elevator inspectors who performed inspections and tests for Defendants' customers who live and operate throughout the United States. 29 U.S.C. § 203(j).

51. At all times hereinafter mentioned, Named Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

52. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 44.

53. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

54. Defendants have violated provisions of Sections 6, 7, and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such nonexempt employees for all of the hours they worked

in excess of forty (40) hours per week at rates at least one and one-half (1½) times the regular rates for which they were employed.

55. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Named Plaintiffs and the FLSA Collective Members the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

56. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

57. Named Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them according to the law.

58. The decisions and practices by Defendants to not pay the proper amount of overtime for all hours worked in excess of forty (40) hours in a workweek were neither reasonable nor in good faith.

59. Accordingly, Named Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half (1½) times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

60. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who have been similarly situated to Named Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

61. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

62. Defendants' failure to pay Named Plaintiffs and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Named Plaintiffs and the FLSA Collective Members.

63. Thus, Named Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

64. All of the FLSA Collective Members are entitled to be paid at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

65. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

66. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress for their injuries and Defendants will retain the proceeds of their rampant violations.

67. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

68. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 44 and notice should be promptly sent.

69. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, liquidated damages, and attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## COUNT II

### *Violations of the PMWA*

70. All prior paragraphs are incorporated herein as if set forth fully below.

71. The Pennsylvania Class is defined as:

> **All persons employed by Defendants as elevator inspectors anywhere in the Commonwealth of Pennsylvania at any time from January 31, 2022, through the final disposition of this matter ("Pennsylvania Class" or "Pennsylvania Class Members").**

72. At all times hereinafter mentioned, Defendants have each been an "employer" within the meaning of the PMWA. *See* 43 Pa.C.S. § 333.103(g).

73. At all times hereinafter mentioned, Named Plaintiffs and the Pennsylvania Class Members have been "employees" within the meaning of the PMWA. *See* 43 Pa.C.S. § 333.103(h).

74. Named Plaintiffs and the Pennsylvania Class Members were or have been employed by Defendants and have been covered employees entitled to the protections of the PMWA and were not exempt from the protections of the PMWA. *See* 43 Pa.C.S. § 333.105.

75. Defendants are not exempt from paying overtime benefits pursuant to the PMWA.

76. All previous paragraphs are incorporated as though fully set forth herein.

77. The PMWA requires that employees, including Named Plaintiffs and the Pennsylvania Class Members, receive compensation for all hours worked at a rate that is no less than the rates described in the PMWA. *See* 43 Pa.C.S. § 333.104.

78. The PMWA also requires that employees, including Named Plaintiffs and the Pennsylvania Class Members, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* 43 Pa.C.S. § 333.104(c).

79. Named Plaintiffs and the Pennsylvania Class Members were or have been employed by Defendants and have been covered employees entitled to the protections of the PMWA.

80. Defendants are each employers covered by the requirements set forth in the PMWA.

81. Named Plaintiffs and the Pennsylvania Class Members are not exempt from receiving the overtime benefits under the PMWA.

82. Named Plaintiffs and the Pennsylvania Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Defendants violated the PMWA by failing to pay overtime in the amount of one and one half (1½) times their regular rate for all hours worked in excess of forty (40) in a week.

83. Named Plaintiffs and the Pennsylvania Class Members were not paid the correct amount of overtime compensation for all hours worked, or for all hours worked over forty (40) per week.

84. The total amount of compensation due to Named Plaintiffs and the Pennsylvania Class Members by Defendants constitutes wages pursuant to the PMWA, and failure to pay the amount due constitutes a violation of the PMWA. *See* 43 Pa.C.S. § 333.103(d).

85. Defendants further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by its employees.

86. Named Plaintiffs and the Pennsylvania Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PMWA.

87. Named Plaintiffs and the Pennsylvania Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Named Plaintiffs and the Pennsylvania Class Members would be able to precisely calculate damages.

88. In violating the PMWA, Defendants acted willfully, without a good faith basis, and with reckless disregard of applicable Pennsylvania wage and hour laws.

89. Defendants are liable for the full amount of unpaid wages and unpaid overtime and for costs and reasonable attorneys' fees.

90. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PMWA, is defined in Paragraph 71.

91. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

92. Named Plaintiffs and the Pennsylvania Class Members bring their PMWA claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated individuals employed by Defendants to work in Pennsylvania since January 31, 2022.

93. Class action treatment of Named Plaintiffs and the Pennsylvania Class Members is appropriate because, as alleged below, all of Fed. R. Civ. P. 23's class action requisites are satisfied.

94. The number of Pennsylvania Class Members is so numerous that joinder of all class members is impracticable.

95. Named Plaintiffs' claims are typical of the claims of the other Pennsylvania Class Members, and Named Plaintiffs have no interests that are antagonistic to or in conflict with the interests of the other Pennsylvania Class Members.

96. Named Plaintiffs and their counsel will fairly and adequately represent the other Pennsylvania Class Members.

97. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

98. Accordingly, the Pennsylvania Class should be certified as defined in Paragraph 71.

## COUNT III

### *Violations of the PWPCL*

99. All prior paragraphs are incorporated herein as if set forth fully below.

100. The Pennsylvania Class is defined as:

> **All persons employed by Defendants as elevator inspectors anywhere in the Commonwealth of Pennsylvania at any time from January 31, 2022, through the final disposition of this matter ("Pennsylvania Class" or "Pennsylvania Class Members").**

101. At all times hereinafter mentioned, Defendants have been "employer[s]" within the meaning of the PWPCL. *See* 43 Pa.C.S. § 260.2a.

102. At all times hereinafter mentioned, Named Plaintiffs and the Pennsylvania Class Members have earned wages within the meaning of the PWPCL. *Id.*

103. Named Plaintiffs and the Pennsylvania Class Members were or have been employed by Defendants and have been covered employees entitled to the protections of the PWPCL and were not exempt from the protections of the PWPCL. *See* 43 Pa.C.S. § 260.1, *et seq*.

104. Named Plaintiffs and members of the Pennsylvania Class are entitled to be paid one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA and PMWA. The failure to pay said wages constitutes a violation of Section 215(a)(2) of the FLSA and Section 333.104(c) of the PMWA.

105. Defendants have failed to pay Named Plaintiffs and the Pennsylvania Class Members one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA. Defendants have, therefore, failed to regularly pay Named Plaintiffs and the Pennsylvania Class Members for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

106. Accordingly, wages, including wages in the form of overtime pay, are due and owing to Named Plaintiffs and the Pennsylvania Class Members pursuant to Section 260.3(a) of the PWPCL.

107. Defendants further violated the PWPCL through their failure to pay the Named Plaintiffs and the Pennsylvania Class Members all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

108. Defendants further violated the PWPCL by failing to record and pay for all hours worked, including but not limited to overtime. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

109. The total amount due to Named Plaintiffs and the Pennsylvania Class Members by Defendants constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

110. In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Named Plaintiffs and the Pennsylvania Class Members are entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

111. In accordance with Section 260.9a of the PWPCL, by reason of Defendants' actions, Named Plaintiffs and the Pennsylvania Class Members are entitled to reasonable attorneys' fees associated with this action.

112. The wages withheld from Named Plaintiffs and the Pennsylvania Class Members were not the result of any bona fide dispute.

113. Named Plaintiffs and the Pennsylvania Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PWPCL.

114. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PWPCL, is defined in Paragraph 100.

115. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

116. Named Plaintiffs and the Pennsylvania Class Members bring their PWPCL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated individuals employed by Defendants to work in Pennsylvania since January 31, 2022.

117. Class action treatment of Named Plaintiffs and the Pennsylvania Class Members is appropriate because, as alleged below, all of Fed. R. Civ. P. 23's class action requisites are satisfied.

118. The number of Pennsylvania Class Members is so numerous that joinder of all class members is impracticable.

119. Named Plaintiffs' claims are typical of the claims of the other Pennsylvania Class Members, and Named Plaintiffs have no interests that are antagonistic to or in conflict with the interests of the other Pennsylvania Class Members.

120. Named Plaintiffs and their counsel will fairly and adequately represent the other Pennsylvania Class Members.

121. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

122. Accordingly, the Pennsylvania Class should be certified as defined in Paragraph 100.

**WHEREFORE**, Named Plaintiffs, Scott Walters and Tyler Walters, respectfully request that this Court grant the following relief:

A. Certify this action as a collective action pursuant to 29 U.S.C. § 207;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3);

C. Declare Defendants' conduct complained of herein to be in violation of the rights of Named Plaintiffs and the Collective Action Members under the FLSA and the rights of Named Plaintiffs and the Pennsylvania Class under the PMWA and the PWPCL;

D. Award Named Plaintiffs and the Collective Action Members their unpaid overtime compensation under the FLSA;

E. Award Named Plaintiffs and the Pennsylvania Class their unpaid overtime compensation, pursuant to the PMWA and the PWPCL;

F. Award Named Plaintiffs and the Collective Action Members liquidated damages due to Defendants' willful failure to pay them overtime compensation pursuant to 29 U.S.C. § 216;

G. Award Named Plaintiffs and the Pennsylvania Class liquidated damages pursuant to the PWPCL;

H. Award Named Plaintiffs and the Pennsylvania Class damages pursuant to the PMWA and the PWPCL;

I. Award Named Plaintiffs, the Collective Action Members, and the Pennsylvania Class prejudgment interest;

J. Award Named Plaintiffs, the Collective Action Members, and the Pennsylvania Class attorneys' fees and the costs of this action; and

K. Award Named Plaintiffs, the Collective Action Members, and the Pennsylvania Class such other relief as the Court deems necessary and proper.

## JURY DEMAND

Named Plaintiffs and all members of the FLSA Collective and Pennsylvania Classes demand a trial by jury on all issues triable to a jury as a matter of right.

Dated: January 31, 2025

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

*/s/Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
Tel.: (717) 238-5707
Fax: (717) 233-8133

*Counsel for Plaintiffs*